**IN THE UNITED STATES DISTRICT COURT**
                  **FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
                              **CHARLOTTE DIVISION**
                                **3:07CV517-02-MU**
                                **(3:03CR200-2-MU)**

**JOLLIET KELLY, JR.,**              )
    **Petitioner,**               )
                                     )
          **v.**                )          **O R D E R**
                                     )
**UNITED STATES OF AMERICA,**        )
    **Respondent.**               )
**_____**    )

    **THIS MATTER** is before this Court upon an initial review of the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, all filed December 7, 2007. For the reasons stated herein, the petitioner's Motion to Vacate will be summarily <u>denied</u> and <u>dismissed</u>.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    Pertinent to this Motion, the record reflects that on April 27, 2004, a Superceding Bill of Indictment was filed, charging the petitioner (and another person) with conspiring to possess with intent to distribute, and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (Count One); with possessing with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §841 (Count Two); with using and carrying a firearm during and in relation to a drug trafficking crime, and possessing the subject firearm in furtherance of a drug trafficking crime, all in violation of 18

U.S.C. §924(c)(1) (Count Three); and with having unlawfully possessed the subject firearm after previously having been a convicted of two felony offenses, all in violation of 18 U.S.C. § 922(g)(1) (Count Five).

Although the petitioner initially pled "not guilty" to that charge, on April 17, 2005, he entered into a written Plea Agreement with the government. By the terms of that Agreement, the petitioner agreed to plead guilty to Count One from the Indictment in exchange for the government's promise to dismiss the remaining charges. The Agreement further provided that upon his conviction, the petitioner would face "no fewer than 20 years and no more than life imprisonment . . ."; that the amount of cocaine base for which the petitioner could be held accountable was "at least 50 grams but less than 150 grams"; and that the corresponding Base Offense Level for that offense was 32. In addition, the government promised to withdraw its Notice a the sentencing enhancement pursuant to 21 U.S.C. §851 during the petitioner's Sentencing Hearing.

On April 18, 2005, the petitioner appeared before the Court for his Plea and Rule 11 Hearing. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. After placing the petitioner under oath and hearing his answers to all of its questions, the Court determined

that the petitioner's guilty plea was knowingly and freely made. At the conclusion of that proceeding, the petitioner and his attorney signed the "Entry and Acceptance of Guilty Plea . . ." form, and the Court conditionally accepted the guilty plea.

Next, on December 13, 2006, the Court held the petitioner's Factual Basis and Sentencing Hearing. At the beginning of that Hearing, the petitioner reaffirmed certain of the representations which he had made during his Plea Hearing, including that he had freely and voluntarily entered his guilty plea. Thus, after hearing the petitioner's affirmations, and noting the petitioner's stipulation to the existence of a factual basis as set forth in his Plea Agreement, the Court found that the petitioner's guilty plea was proper, and it unconditionally accepted the same.

Thereafter, the Court entertained defense counsel's arguments from his Sentencing Memorandum. Relevant here, counsel asked the Court to give the petitioner credit on his federal sentence for the time which he already had served in State prison for the same criminal conduct. However, the Court found that it had no authority to reduce the petitioner's statutory mandatory minimum 20-year sentence.

However, the Court agreed with counsel and rejected the managerial enhancement which was recommended in the petitioner's Pre-Sentence Report, and instead determined that the his Total Offense Level was 34, his Criminal History Category was VI and

3

that his corresponding range of imprisonment under the U.S. Sentencing Guidelines was 262 to 327 months imprisonment. Nevertheless, after the government withdrew its §851 notice, the Court sentenced the petitioner to the slightly lower statutory term of 240 months imprisonment.

The petitioner did <u>not</u> appeal either his conviction or his sentence.  Rather, after waiting just days before the one year anniversary of his sentencing, on December 10, 2007, the petitioner filed the instant Motion to Vacate under 28 U.S.C. §2255.  In his Motion, the petitioner argues that his 240-month sentence both is multiplicative and duplicitous of the 35 to 42 month sentence which he received for the same conduct in the North Carolina State Court system.  Next, the petitioner argues that his federal prosecution violated the Double Jeopardy Clause of the Fifth Amendment.  Last, the petitioner argues that his attorney was ineffective for having failed to raise the foregoing claims on his behalf.

Notwithstanding his obvious beliefs to the contrary, however, the Court has determined that the petitioner's claims are defeated by the underlying record, and the relevant precedent.

## II.  **ANALYSIS**

1. **This Court is authorized to promptly review and dismiss any §2255 motion which does not contain a claim that entitles the petitioner to relief**.

Pursuant to Rule 4(b) of the Rules Governing Section 2255

Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has carefully reviewed the petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the petitioner is not entitled to relief on any of his claims.

### 2. **The petitioner's non-counsel related claims are procedurally defaulted**.

By his first through third claims, the petitioner argues that his sentence is multiplicative and duplicitous, and that his prosecution violated the Double Jeopardy Clause. However, as has been noted already, the petitioner did not pursue a direct appeal at which he could have raised these claims.

In <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000), the Court pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or

5

he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id., citing United States v. Frady, 456 U.S. 152 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); and Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

Here, the petitioner has defaulted the subject claims, and has not even hinted at any explanation which could establish either "cause and prejudice" for that default, or that a miscarriage of justice would occur in the event his claims are not reached. Consequently, the petitioner's first, second and third claims must be summarily rejected as defaulted.

### 3. **The petitioner's claim that counsel was ineffective also must be flatly rejected**.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir.

1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

More critically, inasmuch as this petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's burden

7

in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297. Critically, however, if a petitioner fails to meet his burden of demonstrating prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Thus, "the central inquiry" is whether, but for counsel's alleged errors, this petitioner would have insisted on a trial, Slavek v. Kinkle, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (summarily rejecting claims of ineffectiveness on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on trial or entered a different guilty plea). Courts have stated that this inquiry is an "objective one based on whether going to trial might reasonably have resulted in a different outcome." Martin v. United States, 395 F. Supp. 2d 326, 329 (D.S.C. 2005). See also Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish prejudice under the

8

modified "reasonable probability" standard); and Burket v. Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

Here, this Court notes that the petitioner has not even bothered to assert or to hint that but for counsel's alleged ineffectiveness, he would have insisted upon going to trial in this matter. This failure is enough, standing alone, to justify the dismissal of this claim against counsel.

Further, as to the evidence of the petitioner's guilt and the lack of available defenses, the Court notes that the petitioner, as he has argued, was convicted of the identical conduct in a State superior court. Therefore, such information would have been strong evidence of his guilt for the prosecution, and likely would have greatly impaired the petitioner's ability to credibly defend his conduct in a trial before this Court. Furthermore, the Court is aware that by pleading guilty, the petitioner secured a three-point reduction in his offense level under USSG §3E1.1(a), and avoided the potential for additional convictions and sentences for the other charges which were pending in his Indictment.

Consequently, on this record, the petitioner cannot meet his burden of establishing a reasonable probability that going to trial might have resulted in a more favorable outcome for him. Rather, this record suggests that but for counsel's alleged error, a reasonable defendant likely still would have pled guilty

9

and attempted to secure a favorable recommendation from the government in exchange for his cooperation.  See, e.g., Braxton v. United States, 358 F. Supp. 2d 497, 505 (W.D. Va. 2005) (declining to "evaluate the merits" of claim of ineffectiveness and instead finding no prejudice in absence of assertion that petitioner would have insisted on trial where evidence of guilt was overwhelming, thereby making it likely that petitioner would have pled guilty and sought favorable motion from the government); see also United States v. Jackson-Bey, 302 F. Supp. 2d 621, 630 (E.D. Va. 2004) (finding "flatly unsupportable" petitioner's assertion that but for counsel's failure to advise him of the holding in Bailey v. United States, 516 U.S. 137 (1995) he would have insisted upon a trial, when Bailey worked against petitioner's position).

Finally, it has not escaped the Court's attention that the petitioner's claim against counsel is legally baseless.  That is, the law is well settled that prosecution in both federal and state court for exactly the same criminal conduct is not double jeopardy or any other violation of federal law.  See, e.g., Heath v. Alabama, 474 U.S. 82, 88 (1985); Abbate v. United States, 359 U.S. 187 (1959); United States v. Jackson, 327 F.3d 273, 295 (4th Cir.), cert. denied, 540 U.S. 1019 (2003).  Therefore, because the petitioner's rights actually were not violated as he has alleged, his former attorney could not possibly have been inef-

fective for wisely having chosen not to raise any such challenge before this Court. Ultimately, then, the petitioner's claim against counsel must be rejected.

### III. CONCLUSION

The petitioner has procedurally defaulted three of his four claims and, as to his final claim, he has failed to establish either ineffective performance or prejudicial result. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

### V. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: December 20, 2007

Graham C. Mullen
United States District Judge